UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| EILEEN M. BRODELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:17 CV 2387 DDN |
| | ) |
| NANCY A. BERRYHILL, | ) |
| Deputy Commissioner of Operations, | ) |
| Social Security Administration, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM

This action is before the Court for judicial review of the final decision of the defendant Commissioner of Social Security denying the application of plaintiff Eileen M. Brodell for disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. § 401, *et seq*. The parties have consented to the exercise of plenary authority by a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons set forth below, the decision of the Administrative Law Judge ("ALJ") is affirmed.

## BACKGROUND

Plaintiff Eileen M. Brodell, born March 28, 1969, filed a DIB application on June 10, 2014. She alleged a disability onset date of September 20, 2013 (when she was 44 years old). (Tr. 131). Plaintiff's alleged impairments were depression, reflex sympathetic dystrophy ("RSD"), migraines, and anxiety. (Tr. 169). Plaintiff's application was initially denied on September 5, 2014. (Tr. 79).

On September 19, 2014, plaintiff filed a written request for a hearing. (Tr. 88). Plaintiff appeared and testified at a hearing held on May 16, 2016. (Tr. 40). A vocational expert ("VE") also appeared and testified at that hearing. *Id.* On September 6,

2016, the ALJ found that plaintiff was not disabled. (Tr. 11, 36). Plaintiff requested review of the ALJ decision, which the Appeals Council denied on July 12, 2017. (Tr. 1-5). Plaintiff timely filed her civil action on September 8, 2017. (Doc. 1). The decision of the ALJ stands as the final decision of the Commissioner awaiting court review.

## MEDICAL HISTORY

The Court adopts plaintiff's Statement of Uncontroverted Material Facts (Doc. 8, Ex. 1), as amended by defendant (Doc. 13, Ex. 2), along with defendant's Statement of Additional Uncontroverted Material Facts (Doc. 13, Ex. 3), as amended by plaintiff (Doc. 14, Ex. 1). These facts, taken together, present a fair and accurate summary of the medical record and testimony at the evidentiary hearing. The Court will discuss specific facts as they are relevant to the parties' arguments.

## SUMMARY OF ALJ DECISION

On September 6, 2016, the ALJ found that plaintiff was not disabled under Title II of the Act. The ALJ first found that plaintiff was not engaging in substantial gainful activity from her alleged onset date. (Tr. 16-17). Second, the ALJ found that plaintiff had two severe mental impairments, namely major depressive disorder and generalized anxiety disorder. The ALJ also found five other impairments to be non-severe, namely migraine headaches, gastroesophageal reflux disease, obesity, a toe fracture, and RSD. (Tr. 17-20). Third, the ALJ found that plaintiff's severe impairments were not listed as presumptively disabling in 20 C.F.R. Part 404, Subpart P, App. 1, considered singly or in combination. (Tr. 20-23). The ALJ then determined that plaintiff had the residual functional capacity ("RFC") to:

> perform a full range of work at all exertional levels, but with the following non-exertional limitations: she is limited to occupations that involve only simple, routine, and repetitive tasks; is limited to working in a low-stress job, defined as requiring only occasional decision-making and only occasional changes in the work setting, with no contact with the public, only casual and infrequent contact with coworkers, and contact with supervisors (when work duties are being performed satisfactorily) occurring

2

> no more than four times per workday; and is limited to occupations wherein production quotas are based on end of the workday measurements only.

(Tr. 23).

The ALJ arrived at this determination after considering the medical opinions of plaintiff's primary care physician and the other psychiatrists she visited. The ALJ gave this evidence either partial evidentiary weight, little evidentiary weight, or very little evidentiary weight, considering whether it was supported by that doctor's objective findings on examination; whether the doctor's findings were supported by and consistent with the other doctors' findings; and how internally consistent each doctor's notes were. (Tr. 23-31).

The ALJ compared these opinions with plaintiff's alleged symptoms, both physical and mental, to determine whether these symptoms would justify more restrictive work limitations. The ALJ found that plaintiff's physical symptoms could be caused by her medical impairments. However, based on the medical evaluations of the doctors, the ALJ concluded that plaintiff appeared to be exaggerating the degree to which her symptoms limited her.

The ALJ noted that the symptoms plaintiff complained of were not reported by plaintiff's doctors. (Tr. 32). He noted that plaintiff failed to report many of the symptoms (particularly the more severe ones) of which she complained to any of her doctors. The ALJ also determined the symptoms were unsupported by objective findings by the doctors or by any medical or laboratory tests. As a result, the ALJ did not lend plaintiff's subjective complaints much weight. (Tr. 32-33). The ALJ also noted plaintiff's doctors regularly reported that she responded positively to medication. (Tr. 23-31). The ALJ cited plaintiff's treatment history and how effective it was, as reported by both the doctors and plaintiff, as an important factor in determining her RFC. (Tr. 33).

The ALJ also considered plaintiff's own reports of her daily activities, and he found them inconsistent with her complaints regarding the severity of her symptoms. The ALJ cited plaintiff's exercise habits and her travel patterns as evidence that her impairments were not as severely limiting as she reported. The ALJ also cited her

socializing with her family, her social presence online, and her academic activity as evidence of a greater mental capability than she complained of. (Tr. 34).

The ALJ concluded that the mental symptoms plaintiff reported were supported by the medical record to a degree. The medical record did show that plaintiff suffered from mental handicaps. However, the ALJ stated that plaintiff also admitted to her doctors that taking her medication helped even out her mental symptoms. Therefore, the severity of the symptoms she was reporting was either not justified by the medical record or was medically reduced with reasonable ease. (Tr. 32).

Fourth, the ALJ asked the VE whether a person with plaintiff's RFC, age, education and work experience could perform jobs plaintiff had been employed at previously. (Tr. 58-63). The ALJ relied on VE testimony in concluding that plaintiff could not perform her past relevant work. (Tr. 34).

At Step Five, the ALJ asked the VE whether a person with plaintiff's RFC, age, education, and work experience could perform other jobs that exist in significant numbers in the national economy. (Tr. 58-63). The VE responded that this hypothetical person could work as a packer, assembler, or inspector. (Tr. 60). The ALJ asked the VE whether his testimony was consistent with the Dictionary of Occupational Titles ("DOT"), and the VE affirmed that it was. (Tr. 61). The ALJ relied on VE testimony to conclude that plaintiff could perform such jobs, and these jobs exist in significant numbers in the national economy. (Tr. 35). Accordingly, the ALJ determined that plaintiff was not disabled.

## **DISCUSSION**

Plaintiff's sole argument is that the VE's testimony was inconsistent with the DOT, and the ALJ was therefore required to conduct further inquiry into the basis for the VE's opinion. The ALJ did not do so. Accordingly, plaintiff claims that the ALJ was not entitled to rely on the VE's testimony, so the decision must be remanded for lack of substantial evidence at Step Five. Both plaintiff and defendant agree that the failure of plaintiff's lawyer to question any inconsistency at the administrative hearing did not

waive her right to contest the VE testimony in later proceedings, though the Court notes defendant's arguments regarding fundamental fairness. (Docs. 8, 13 at 13).

A. **<u>Standard of Review and Legal Framework</u>**

To qualify for disability benefits, the plaintiff must prove an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

The Social Security Administration has created a five-step sequential evaluation process to determine an individual's disability status. If a finding of disability or no disability can be found at any step, the analysis is finished and does not proceed to the next step. 20 C.F.R. §404.1520(a)(4). At Step One, the claimant must prove she is not engaged in substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(i). At Step Two, the claimant must show she suffers from a severe impairment or a combination of impairments that is severe and meets the twelve month duration requirement. 20 C.F.R. §§ 404.1520(a)(4)(ii), 404.1509. At Step Three, the claimant may prove her impairment or combination of impairments is found on the list of presumptively disabling conditions, 20 CFR Part 404, Subpart P, Appendix 1. 20 C.F.R. § 404.1520(a)(4)(iii).

Establishing a listed impairment will prove disability, but a failure to do so does not defeat the claim. Between Steps Three and Four, the ALJ must determine the claimant's RFC, which represents the most the plaintiff can do despite her limitations. 20 C.F.R. § 404.1545; SSR 96-8P, 1996 WL 374184, at *1 (July 2, 1996). The RFC should be based on all relevant medical evidence in the record. 20 C.F.R § 404.1520(e). At Step Four, the claimant must prove she cannot do her past relevant work. 20 C.F.R § 404.1520(f). At the fifth Step, the ALJ determines whether the claimant can perform other work. The claimant must continue to prove disability, but the Social Security Administration has the burden of providing evidence of jobs existing in significant numbers in the national economy that the claimant can perform considering her RFC,

age, education, and work experience of the plaintiff. 20 C.F.R. § 404.1520(c)(2). If the claimant can perform other work, the ALJ will find she is not disabled.

In reviewing the denial of Social Security disability benefits, the Court "must review the entire administrative record to determine whether the ALJ's findings are supported by substantial evidence on the record as a whole." *Johnson v. Astrue*, 628 F.3d 991, 992 (8th Cir. 2011). Substantial evidence is "less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion." *Pate-Fires v. Astrue*, 564 F.3d 935, 942 (8th Cir. 2009) (quoted case citation omitted).

To determine whether there is substantial evidence, the Court must consider evidence that both supports and detracts from the ALJ's conclusion. *Anderson v. Astrue*, 696 F.3d 790, 793 (8th Cir. 2012). However, the Court is not to reverse the ALJ's decision as long as it falls within the "available zone of choice." *Bradley v. Astrue*, 528 F.3d 1113, 1115 (8th Cir. 2008). The decision is not outside the zone of choice solely because the Court may have reached a different conclusion had it been the finder of fact. *Id.* Additionally, substantial evidence may exist to support two inconsistent decisions. As long as one of those positions represents the Commissioner's decision, the Court must affirm. *See, e.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996).

## B. The ALJ Lawfully Relied on the VE's Testimony

To meet the Commissioner's burden of producing evidence that jobs are available to a claimant, adjudicators may take administrative notice of reliable job data, such as the Dictionary of Occupational Titles. 20 C.F.R. § 404.1566(d). If these sources are insufficient to make an assessment, the adjudicator may also consult a vocational expert or other specialist. 20 C.F.R. § 404.1566(e); SSR 00-4p. The ALF must resolve any "apparent unresolved conflict" between VE evidence and the DOT. SSR 00-4p. Accordingly, before ALJs may rely on VE evidence to find a claimant is not disabled, they need "to ask about 'any possible conflict' between VE evidence and the DOT, and to obtain an explanation for any such conflict[.]" *Welsh v. Colvin*, 765 F.3d 926, 929 (8th

6

Cir. 2014); *see also Thomas v. Berryhill*, 881 F.3d 672, 677 (8th Cir. 2018) ("The Commissioner has ruled that an ALJ may not rely on a vocational expert's testimony about the requirements of a job if an 'apparent unresolved conflict' exists between that testimony and the job's description in the [DOT].").

Eighth Circuit jurisprudence has found VE testimony to be in "apparent unresolved conflict" with the DOT, when it is directly at odds with information in the DOT. For example, in *Stanton v. Commissioner*, a VE testified that a job could be completed with Level 1 reasoning skills, while the DOT stated the job required Level 2 reasoning skills. 2018 WL 3767113 at *3 (8th Cir. 2018). In *Welsh v. Colvin*, a VE testified that a job would require the lifting of five pounds only occasionally, while the DOT stated the job required occasional lifting of ten pounds. 765 F.3d 926, 927-28 (8th Cir. 2014). In *Moore v. Colvin*, a VE testified that a job required only occasional overhead reaching, while the DOT stated the job required frequent overhead reaching. 769 F.3d 987, 989-90 (8th Cir. 2014). These are the kinds of conflicts the Eighth Circuit has recognized as apparent and unresolved, requiring further inquiry by ALJs about the basis of the VE's testimony.

In the present case, the VE testified about characteristics of jobs not discussed in the DOT: various jobs' (1) stress levels; (2) decision-making demands; (3) frequency of on-the-job change; (4) contact with the public; (5) casual contact with coworkers; (6) frequency of contact with supervisors; and (7) daily assessment of production quotas. (Tr. 58-59). The DOT does not include this information in its assessment of a job's requirements. Plaintiff argues that this means the VE's testimony conflicts with the DOT, so the case must be remanded for the ALJ to independently assess the reliability of the VE's testimony.

At the time the parties prepared their briefs, the Eighth Circuit Court of Appeals had not addressed this question. Since that time, however, the Eighth Circuit has held that VE testimony about information not found in the DOT does not create an apparent unresolved conflict requiring further inquiry:

> [W]e have never held that SSR 00-4p places an affirmative responsibility on the ALJ to inquire further when a VE merely testifies to information not included in the DOT, but that does not conflict with it. Absent social security statutes, regulations, or policy rulings to the contrary, we decline to impose an additional duty on ALJs to inquire about the basis of all extra-DOT testimony by the VE.

*Courtney v. Comm'r, Soc. Sec. Admin.*, 894 F.3d 1000, 1005 (8th Cir. 2018). Plaintiff's argument that the ALJ must "weigh" or provide "an alternative reliable and sufficient basis" for relying on the VE's opinion (Doc. 8) is not supported by the Eighth Circuit's recent decision in *Courtney*. According to that case, ALJs may rely on VE testimony so long as the testimony is consistent with the DOT. *Courtney*, 894 F.3d at 1005. The ALJ in this case did not have a duty to obtain any additional explanation, because the VE only testified to information not found in the DOT, not information that conflicted with the DOT.

An ALJ may "properly assume that the expert framed his answers based on the factors the ALJ told him to take into account." *Id.* (quoting *Whitehouse v. Sullivan*, 949 F.2d 1005, 1006 (8th Cir. 1991)). "[I]f substantial evidence supports the ALJ's phrasing of the hypothetical to the vocational expert, and there was no conflict between the vocational expert's testimony and the DOT, the ALJ properly relied on the testimony." *Moore v. Astrue*, 623 F.3d 599, 604 (8th Cir. 2010). Here, the ALJ relied on plaintiff's medical record and her testimony when describing her limitations to the VE. The VE then provided expert testimony about the specific jobs a hypothetical person with plaintiff's characteristics would be able to perform. This testimony was additional to, but did not conflict with, the *DOT*. The ALJ asked the VE if his testimony was consistent with the DOT, to which the VE replied, "It is." (Tr. 61). The ALJ was not required to request a further explanation from the VE. *See* SSR 00-4p (stating that absent an apparent unresolved conflict, the adjudicator's duty is only to inquire as to whether there is consistency). As a result, the ALJ performed his legal duty and justifiably relied on the VE's testimony in deciding that plaintiff was not disabled.

## CONCLUSION

For the reasons set forth above, the Court concludes that the Commissioner's final decision is supported by substantial evidence on the record as a whole. The decision of the Commissioner is affirmed. An appropriate Judgment Order is issued herewith.

                                        /S/   David D. Noce
                                  **UNITED STATES MAGISTRATE JUDGE**

Signed on September 10, 2018.